**FILED**
**Jan 25, 2019**
**01:16 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT NASHVILLE

| | |
|---|---|
| Philip Welsh, | ) Docket No. 2017-06-2158 |
| Employee, | ) |
| v. | ) State File No. 91361-2017 |
| Kevin Bowling, d/b/a Tri-Star Home | ) |
| Solutions, LLC, | ) Judge Kenneth M. Switzer |
| Uninsured Employer. | ) |

### COMPENSATION HEARING ORDER

This case came before the Court on January 24 for a compensation hearing. The legal issues are the compensability of Mr. Welsh's claim from injuries suffered while working for Kevin Bowling, d/b/a Tri-Star Home Solutions, and the extent of Mr. Welsh's permanent impairment. The Court holds his claim is compensable and he suffered a twenty-five percent impairment, and it awards lifetime medical benefits and permanent partial disability benefits totaling $75,037.50

### History of Claim

Mr. Bowling hired Mr. Welsh as a full-time laborer for his home construction business for $25 per hour. On October 20, 2017, Mr. Welsh fell approximately fifteen feet from a roof to the concrete below, injuring his wrist, head and spine. Dr. Jaron Sullivan surgically repaired the wrist fracture the following day. After recovering from surgery, Mr. Welsh participated in physical therapy for his spinal fracture. He remained off work until January 24, 2018, when Dr. Sullivan returned him to work. Mr. Welsh ultimately returned to work with a different employer.

Communications between Mr. Welsh and Mr. Bowling deteriorated after the accident, as Mr. Welsh realized that his employer had no insurance on the date of injury. He filed a Petition for Benefit Determination, which prompted the Bureau's Compliance Unit to investigate the injury and Mr. Bowling's insurance coverage on the date of injury. The investigator reported that Mr. Bowling had workers' compensation in the past and at

1

the time of the report, but "his insurance had lapsed, so he had no coverage when the accident happened." Mr. Bowling's carrier filed a Notice of Denial, which confirmed, "This claim is denied for no policy in effect for accident."[1]

The investigator further stated that Mr. Welsh suffered an injury arising primarily out of and in the course and scope of his employment after July 1, 2015; he was a Tennessee resident on the date of injury; and he provided notice of his injury and Mr. Bowling's lack of insurance to the Bureau within sixty days of the injury. Mr. Bowling did not return the investigator's call, nor did he file any documents to dispute these findings.

Ultimately, the medical providers did not charge Mr. Welsh for the bulk of his treatment. The Court held an expedited hearing and afterward ordered Mr. Bowling to reimburse Mr. Welsh for past out-of-pocket medical care and mileage in the amounts of $537.99 and $90.71, respectively. The Court additionally ordered past temporary total disability benefits from the time of injury until January 24, 2018. Mr. Bowling did not attend the expedited hearing, nor did he appeal the order, but he has communicated with the Court Clerk twice via e-mail regarding the case. In the order, the Court also referred the case to the Bureau's Uninsured Employers Fund.

Mr. Welsh testified that Dr. Sullivan declined to assign an impairment rating, so he asked his family care physician to provide a rating. He filed a Form C-32, Standard Form Medical Report, in which Dr. Geoffrey Lifferth placed him at maximum medical improvement on October 10, 2018, and assigned a twenty-five percent whole-body impairment. The report concluded that Mr. Welsh's employment was more likely than not primarily responsible for his injury and need for treatment of a preexisting condition. He placed permanent restrictions and concluded that the injury would require future treatment.

Mr. Welsh has not received payment from Mr. Bowling for his out-of-pocket medical expenses. Rather, the Uninsured Employers Fund reimbursed him for $504.26 and it paid temporary total disability benefits in the amount of $9,051.36.[2] Mr. Welsh requested open medical benefits as well as permanent partial disability benefits.

### Findings of Fact and Conclusions of Law

Mr. Welsh must prove all elements of his case by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6) (2018).

---

[1] The post-discovery Dispute Certification Notice erroneously listed Travelers Indemnity Company as the carrier; the Court found after the expedited hearing that Mr. Bowling was uninsured on the date of injury. Travelers is not a party to this case.

[2] The Fund did not reimburse Mr. Welsh for past mileage but might do so in the future.

2

As the threshold issue, Mr. Welsh must prove the compensability of his claim. Specifically, he must show he suffered "an injury by accident . . . arising primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(14). If he establishes an injury, then Tennessee Code Annotated section 50-6-204(a)(1)(A) requires "[t]he employer or the employer's agent [to] furnish, free of charge to the employee, such medical . . . treatment . . . made reasonably necessary by accident[.]"

Mr. Welsh testified that he fell approximately fifteen feet to the concrete while working for Mr. Bowling, resulting in severe injuries. The C-32 stated that Mr. Welsh's employment was "more likely than not, primarily responsible for the injury or primarily responsible for the need for treatment." Mr. Bowling failed to file any documents to defend the claim, nor did he appear at the hearing. Mr. Bowling twice communicated with the Court Clerk regarding this case; the Court finds he had notice of the claim against him but declined to defend himself or his business. Thus, Mr. Welsh's testimony and documentary evidence are undisputed. The Court holds Mr. Welsh demonstrated by a preponderance of the evidence that he suffered an injury arising primarily out of and in the course and scope of his employment.

Having held that Mr. Welsh suffered a compensable injury, under section 50-6-204, Mr. Bowling remains responsible for future reasonable and necessary treatment for the work-related injury with Dr. Lifferth. Mr. Welsh received no payment as ordered by this Court from Mr. Bowling. The Court reasonably believes Mr. Bowling might continue this pattern of nonpayment. Under Tennessee Code Annotated section 50-6-802(e)(1), the Bureau's Administrator has discretion to pay medical benefits from the Uninsured Employers Fund to employees who have established medical causation of their injury and meet the statutory criteria.

The Court adopted the findings contained in the Bureau's Investigation Report in the Expedited Hearing Order. Based on the testimony and evidence introduced at the previous hearing, the Court found:

(1) Mr. Bowling failed to carry workers' compensation insurance;
(2) Mr. Welsh suffered an injury arising primarily out of and in the course and scope of employment after July 1, 2015;
(3) Mr. Welsh was a Tennessee resident on October 20, 2017, the date of injury;
(4) Mr. Welsh provided notice to the Bureau of the injury and Mr. Bowling's failure to provide workers' compensation insurance within sixty days after the injury occurred; and
(5) Mr. Welsh was entitled to past and on-going medical benefits.

Thus, the Court holds he met the statutory criteria to receive medical benefits from the Uninsured Employers Fund, subject to the Administrator's discretion and limits within

the statute. *See* Tenn. Code Ann. § 50-6-801(d)(1)-(4).

Finally, an employee who establishes a partial disability from a compensable permanent injury is entitled to payment of permanent partial disability benefits for the number of weeks calculated by multiplying the applicable impairment rating by 450 weeks. Tenn. Code Ann. § 50-6-207(3)(A). These benefits are paid at the weekly compensation rate whether or not the employee returns to work. *Id.* The Workers' Compensation Law refers to this as the original award. Dr. Lifferth assigned a twenty-five percent impairment rating to the whole body. As established at the expedited hearing, Mr. Welsh's weekly compensation rate is $667, which was unrebutted. Therefore, the Court finds he sustained a twenty-five percent permanent partial impairment. This equates to an original award of $75,037.50.[3]

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Welsh is awarded a judgment against Mr. Bowling for temporary total disability benefits in the amount of $9,051.36, the sum previously paid by the Uninsured Employers Fund.

2. Mr. Welsh is awarded a judgment against Mr. Bowling for permanent partial disability benefits in the amount of $75,037.50.

3. Mr. Bowling shall provide future medical benefits under Tennessee Code Annotated section 50-6-204(a)(1)(A) with Dr. Lifferth as the treating physician.

4. Mr. Bowling shall pay $150.00 costs to the Court Clerk within five business days under Tennessee Compilation Rules and Regulations 0800-02-21-.07.

5. Mr. Welsh shall prepare and submit a Statistical Data Form (SD2) within five business days of this order becoming final.

6. Absent an appeal, this order shall become final thirty days after issuance.

---

[3] Twenty-five percent times 450 weeks equates to an initial compensation period of 112.5 weeks, times $667 is $75,037.50. Mr. Welsh reached maximum medical improvement on October 10, 2018. If at the expiration of the initial compensation period occurring on December 6, 2020, he has not returned to work with any employer or has returned to work at a lower rate of pay than he received from Mr. Bowling on the date of injury, Mr. Welsh may file a Petition for Benefit Determination to determine whether he is entitled to increased benefits under the factors in Tennessee Code Annotated section 50-6-207(3)(B). **Mr. Welsh must file the Petition for Benefit Determination within one year after the initial compensation period expires on December 6, 2020.**

**ENTERED January 25, 2019.**

JUDGE KENNETH M. SWITZER
Court of Workers' Compensation Claims

## APPENDIX

Evidence:
1. Affidavit of Philip Welsh and attachments
2. Affidavit of Phillip Graves and attachments
3. FROI
4. Denial
5. Expedited Request for Investigation Report
6. C-32

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice, March 9, 2018
3. Request for Expedited Hearing
4. Certified mail receipt: Notice of hearing delivered to Mr. Bowling
5. Email exchange between Mr. Bowling and Court Clerk, July 18, 2018
6. Expedited Hearing Order Granting Requested Relief
7. Email exchange between Mr. Bowling and Court Clerk, July 20, 2018
8. Order Setting Status Conference
9. Order on Status Conference
10. Order Referring the Case to mediation and Continuing Compensation Hearing
11. Dispute Certification Notice, January 18, 2019

## CERTIFICATE OF SERVICE

I certify that a copy of the Compensation Hearing Order was sent to the following recipients by these methods of service on January 25, 2019.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Philip Welsh, Self-represented employee | X | | X | 117 Maureen Dr. Hendersonville, TN 37075 welshjrp@comcast.net |
| Kevin Bowling, Self-represented employer | X | | X | 731 Lovers Lane Lebanon TN 37087 Kevinbowling1026@gmail.com |
| LaShawn Pender, UEF Courtesy Copy Only | | | X | Lashawn.pender@tn.gov |

_Penny Shrum_

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# COMPENSATION HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

_____

**Employee**

v.

_____

**Employer**

### Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

### Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

### List of Parties

**Appellant (Requesting Party):**_____At Hearing:☐Employer☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____ , certify that I have forwarded a true and exact copy of this Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___.

[Signature of appellant or attorney for appellant]  _____

Attention: This form should only be used when filing an appeal to the Workers' Compensation Appeals Board. If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by the Court which can be found on their website at the following address:
http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____  Relationship: _____

_____  Relationship: _____

_____  Relationship: _____

_____  Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | |
|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

LB-1108 (REV 11/15)                                                                RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

Groceries $ _____ per month     Telephone $ _____ per month

Electricity $ _____ per month     School Supplies $ _____ per month

Water $ _____ per month     Clothing $ _____ per month

Gas $ _____ per month     Child Care $ _____ per month

Transportation $ _____ per month     Child Support $ _____ per month

Car $ _____ per month

Other $ _____ per month (describe: _____ )

10. Assets:

Automobile $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House $ _____     (FMV) _____

Other $ _____     Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires: _____